# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 5:17-CR-355 |
| ) | |
| Plaintiff, ) | |
| v. ) | JUDGE JOHN ADAMS |
| ) | |
| DONALD NEFF, ) | **MOTION TO PRECLUDE TESTIMONY** |
| ) | **AND FOR ADVERSE INFERENCE** |
| Defendant. ) | **AGAINST THE GOVERNMENT AT** |
| ) | **SUPPRESSION HEARING** |

Defendant Donald Neff, by and through his undersigned counsel, hereby files this Motion to Preclude Testimony and for an Adverse Inference Against the Government at Suppression Hearing (hereinafter, the "Motion"). Because the Government has failed to comply, and refuses to comply, with the Court's discovery orders, causing prejudice to Defendant, Defendant respectfully requests that this Motion be granted and that the Court exercise its considerable discretion to manage its docket and craft appropriate discovery and evidence orders and order (1) that no current or former APA officer be allowed to testify at the upcoming suppression hearing on June 12, 2018; and (2) that an adverse inference be drawn against the Government that any records not produced pursuant to the Court's orders would support the Defendant's contention that the APA violated Defendant's constitutional rights.

## I. FACTS

On February 16, 2018, Defendant filed a Motion to Compel Discovery seeking certain records of the Ohio Adult Parole Authority (hereinafter, the "APA"). This request was made because of serious concerns the defense has about the credibility of a new justification for a key search in this case that materialized only after AUSA McDonough sent the line APA officers a

copy of the Defendant's Motion to Suppress (ECF No. 15) and asked the officers to respond directly to a legal deficiency with the search pointed out in the Motion to Suppress. (*See* Motion to Compel Discovery, ECF No. 17, Page ID# 80–82.) The new justification contradicts multiple statements made by the Government to the Court and defense counsel and was not supported by any previous piece of discovery produced to Defendant. (*See* Motion to Compel Discovery, ECF No. 17, Page ID# 78–80).

At a status conference on April 3, 2018, the Court in chambers ordered the Government to produce all of the records requested in the Motion to Compel Discovery except communications between the APA and the U.S. Attorney's Office (hereinafter, the "USAO") and between the APA and other law-enforcement agencies.[1] Therefore, on April 3, 2018, the Court ordered the following produced:

1. The entire APA case file on Defendant;

2. Any APA document or record, including all communications (except those to/from the USAO or other law-enforcement agencies), associated with the APA file identification #A398705 (also written #A398-705);

3. All notes—handwritten, typed, or otherwise—made by APA officers regarding Defendant and this case;

4. All communications between and among APA officers regarding Defendant and the Motion to Suppress;

5. All internal communications at the APA regarding Defendant, the Motion to Suppress, or the undated report written in response to the Motion to Suppress, including communications by or to APA Officer Rogers and APA Supervisor Lightfoot.

6. Any and all APA policies, procedures, or training documents regarding report-writing.

---

[1] The Court indicated that it was reserving judgment on those particular communications and would not order them produced at that time.

On April 12, 2018, the Government produced a number of files, which the Government represented were all the documents the APA provided to the Government regarding requests 1–3 and 6. No internal communications, such as emails, voicemails, or text messages were produced, despite Request 2, among others, encompassing such communications.

On April 16, 2018, the Court held a status hearing and the parties reported that the Government had not yet produced all internal APA communications as ordered by the Court on April 3. The Court thereafter entered a written order *again* ordering the Government to produce all of the requested discovery in the Motion to Compel with the exception of communications to the USAO or other law-enforcement agencies. (Marginal Entry Order, ECF No. 23.) The Court, at that time, also set the suppression hearing for June 12, 2018 and expressed its desire for the hearing not to be postponed. The Court also ordered that the defendant's Reply in Support of Defendant's Motion to Suppress be filed no later than ten days before the June 12 hearing.

On April 23, 2018, the Government represented to defense counsel that the APA does not have any voicemails or text messages, but that emails exist. The Government further indicated that the state custodian of those emails has to search by specific individual. Instead of contacting the APA to determine who would have responsive communications—which was the Government's burden pursuant to the Court's orders—the Government asked defense counsel for individuals in whom it is interested. In an attempt to expedite the Government's production, defense counsel provided several names of individuals known to have been involved in Defendant's supervision but emphasized that it was the Government's burden to produce all responsive communications.

The Government also informed defense counsel on that date that search results can take up to weeks or over a month to return, but that the Government was hopeful that results could be

returned within two weeks.  Defense counsel stated that, if the emails were not produced within two weeks, counsel may not have sufficient time to prepare for the suppression hearing.  Counsel also expressed its continued desire not to further postpone the hearing.

Finally, on May 11, 2018—two and a half weeks after the Government's April 23 email—the Government indicated that the APA will not produce any emails without *another* Court order.  The Government also asked in that email whether defense counsel would still like phone records.  It is unclear to defense counsel what phone records could exist, considering the Government represented on April 23 that no text messages or voicemails exist.

## II. LAW AND ARGUMENT

The Government has never taken seriously defense counsels' concerns about possible constitutional violations in this case.  Worse, the Government has exhibited a pattern of disregard toward this Honorable Court's discovery orders.

Since the status hearing about a month ago—and with less than a month to go before the suppression hearing—the Government has not produced a single additional piece of discovery.  Moreover, the Government is now saying that it requires a *third* order from this Court before the Government is willing to comply and produce the remaining materials.  Even if the Court were to issue a third order, it is unclear when the materials would even be produced, considering that, according to the Government, it takes weeks or over a month to get results back from the state custodian of records.  And, after all this, defense counsel does not see how the Government could be in a position to represent that all responsive records have been produced because it seems that the Government did not take adequate steps to identify individuals within the APA that might have responsive records.

The Government's extreme intractability—which is especially troubling considering the serious misconduct alleged by the Defendant in this case—requires a drastic remedy. Defendant requests that the suppression hearing continue as scheduled, but that:

(1) an adverse inference be drawn against the Government that any records the Government failed to produce up to the filing of this Motion would support Defendant's contention that the APA officers lacked reasonable grounds to conduct the searches in March 2017; and

(2) the Government be precluded from calling any current or former APA officers as witnesses.

Federal Rule of Criminal Procedure 16(d)(2) provides that, if a party fails to comply with its discovery obligations under Rule 16, a Court may enter any order that is just under the circumstances. Fed. R. Crim. P. 16(d)(2)(D). Under the circumstances of this case, such an order as Defendant has requested would be just.

It has come to the point where the Government's refusal to comply with the Court's orders has unfairly prejudiced the Defendant.[2] The Government has put the Defendant in the position of either having to ask to further postpone the suppression hearing—for a substantial period of time, considering how slow and incomplete the Government's productions have been to date—or proceed with the suppression hearing as scheduled without the benefit of the discovery to which the Court found he is entitled, which he will not do. Even if the Court were

---

[2] Even if some of the Government's improper delay could be attributed to the recalcitrance of state agencies involved in this case, the Government is responsible for those state agencies' failure to comply with discovery obligations because this prosecution is the result of a joint investigation and those state agencies are deemed part of the prosecution team. *See United States v. Villa*, No. 3:12cr40 (JBA), 2014 WL 280400 at *3 (D. Conn. Jan 24, 2014) ("Courts in this Circuit have generally held that where the U.S. Attorney's Office is engaged in a joint investigation with another federal or state, agency, materials in the possession of that other agency must be disclosed pursuant to Rule 16 and *Brady*."); *cf.* U.S. Attorney's Manual § 9-5.001(B)(2) ("It is the obligation of federal prosecutors, in preparing for trial, to seek all exculpatory and impeachment information from all the members of the prosecution team. Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant.").

to issue a third order to the Government and the APA to produce the materials, and even if those materials were produced within a week, which is unlikely, defense counsel would not be able to adequately review and analyze these materials in accordance with the briefing schedule or prior to the suppression hearing.

Further postponing the suppression hearing would be unjust. By June 12, 2018, Defendant will have spent almost a year in detention as a result of the APA's constitutional violations, between his APA sanction and federal pretrial detention in this case. Both the Court and defense counsel have stated a desire that the suppression hearing not be further postponed. And yet the Government waited until at least April 23—20 days after first being ordered to produce internal APA communications—to submit its request to the state custodian of APA email records.

The defense has—from the outset of this case—worked diligently to narrow issues and litigate this case as expeditiously as possible while exercising due concern for the serious issues involved. The Government's contradictory statements about the investigation, failure to meet discovery obligations, failure to comply with court orders, and failure to diligently gather and produce records, has resulted in the undue delay in this matter. Now, about a month after the Court's *second* order to produce records, the Government has again put the parties in the position of having to delay the suppression hearing. The Court should refuse to do so and instead issue the order requested by Defendant, which would allow the suppression hearing to continue as scheduled without allowing the Government to benefit from its failure to comply with the Court's discovery orders.

## III. CONCLUSION

The Government's conduct in this case has been exhausting. The Government failed to comply with its initial discovery obligations and has now failed to comply with two Court orders regarding discovery. Moreover, it seems to defense counsel that the Government only requested materials from the state custodian of records for the individuals the defense identified, instead of conducting its own inquiry to determine who else might have responsive materials. Therefore, it is unclear when, if ever, the Government will be in a position to represent to the Court that all materials responsive to the Court's orders have been produced. These failures have prejudiced Defendant and resulted in undue delay in the litigation of this matter.

It would be unjust to allow the Government to put on witnesses at the suppression hearing without the full discovery to which the Court found Defendant is entitled, without which Defendant will not be able to fully challenge that testimony. It would also be unjust to force Defendant to challenge the Government's new allegations at the suppression hearing without that discovery. And it would be unjust to further postpone the suppression hearing, which postponement would be required solely as a result of the Government's unjustifiable failure to produce the ordered materials in a timely manner.

The Government has put the parties in a position such that the only just option would be to hold the suppression hearing as scheduled without allowing the Government to call any current or former APA officers and with an adverse inference drawn against the Government with regard to the materials it has unjustifiably failed to produce.

For these reasons, this Motion should be granted and the suppression hearing should be held as scheduled with the conditions requested herein.

> Respectfully submitted,
>
> /s/ *Chris N. Georgalis*
> Chris N. Georgalis (OH: 0079433)
> Flannery │ Georgalis, LLC
> 1375 E. 9th St., Suite 2810
> Cleveland, OH 44114
> Telephone: (216) 367-2095
> Email: chris@flannerygeorgalis.com
>
> *Attorney for Defendant Donald Neff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

    /s/ *Chris N. Georgalis*
Chris N. Georgalis

*Attorney for Defendant Donald Neff*